**CITY OF CORINTH, MISSISSIPPI,**
Petitioner,

v.

**FEDERAL POWER COMMISSION,**
Respondent.

No. 16956.

United States Court of Appeals
Fifth Circuit.

June 29, 1959.

William L. Sharp, Corinth, Miss., for petitioner.

Stanley M. Morley, Richard F. Generelly (Omar L. Crook, Louis Flax, May, Shannon & Morley, Washington, D. C., on the brief), for Intervenor.

Willard W. Gatchell, Gen. Counsel, Howard E. Wahrenbrock, Solicitor, William W. Ross, Atty., Washington, D. C., for Federal Power Comm.

Before JONES, BROWN and WISDOM, Circuit Judges.

JONES, Circuit Judge.

Alabama-Tennessee Natural Gas Company purchases natural gas from Tennessee Gas Transmission Company. Alabama-Tennessee operates a pipeline from which it delivers gas to industries and to retail distributors. Among the latter is the petitioner, the City of Corinth, Mississippi. A service agreement between Alabama-Tennessee and the City was executed under the Federal Power Commission's Order No. 144, 18 C.F.R. § 154.1 et seq. Among the provisions of the agreement were the following:

"1. Rates to be paid for natural gas delivered hereunder are subject to the jurisdiction of the Federal Power Commission and shall be those contained in Rate Schedule G–1 on file with the Federal Power Commission and lawfully in effect from time to time pursuant to the provisions of the Natural Gas Act.

"2. This agreement in all respects shall be and remain subject to the provisions of the applicable Rate Schedules and General Terms and Conditions attached to the rate schedules filed with the Federal Power Commission, all of which are by reference made a part hereof."

In January 1957, Alabama-Tennessee filed, pursuant to Section 4(d) of the Natural Gas Act, 15 U.S.C.A. § 717c (d), an increase in the rates contained in its Rate Schedule G–1. The Commission requested comments on this filing from the customers of Alabama-Tennessee, including the City, on January 14, 1957. The City replied in a letter dated January 25, 1957, informally, protesting the rate increase on the grounds that it had not been shown to be reasonable and requested that the Commission suspend the increase and set the matter for hear-

ing. On February 13, 1957, the Commission ordered the question of the reasonableness of Alabama-Tennessee's increased rate be set for hearing pursuant to Section 4(e) of the Act, 15 U.S.C.A. § 717c(e), and suspended the increase for the maximum period of five months, or until July 14, 1957.

At the conclusion of the five-month suspension period, Alabama-Tennessee moved to place the rate in effect subject to refund, pursuant to Section 4(e) of the Act. The Commission granted Alabama-Tennessee's motion by an order issued July 18, 1957. On August 19, 1957, the City attempted to file an application for rehearing of the Commission's order placing the increased rate in effect subject to refund, contending in its application that the Commission had no jurisdiction to accept the rate increase for filing. The Commission's Secretary rejected the application for rehearing on the ground that the City was not a party to the proceeding and not entitled to apply for rehearing. The Secretary's letter also stated that "the order to which your application is addressed is not a final order, but an interim order in this proceeding". The City has not at any time intervened in the proceedings before the Commission. It brings a petition for review seeking to have set aside the Commission's order placing the increased rates in effect subject to refund. Alabama-Tennessee has intervened. The City asserts that it has a fixed price contract and the Commission cannot authorize increases, founding its assertion upon the doctrine of United Gas Pipe Line Co. v. Mobile Gas Service Corp., 350 U.S. 332, 76 S.Ct. 373, 100 L.Ed. 373; Federal Power Commission v. Sierra Pacific Power Co., 350 U.S. 348, 76 S.Ct. 368, 100 L.Ed. 388, motion to amend opinion denied Pacific Gas & Elec. Co. v. Sierra Pacific Power Co., 351 U.S. 946, 76 S.Ct. 843, 100 L.Ed. 1471, and

Memphis Light, Gas and Water Division v. Federal Power Commission, 102 U.S. App.D.C. 77, 250 F.2d 402. The petition for review and briefs were filed prior to the decision of the Supreme Court in United Gas Pipe Line Company v. Memphis Light, Gas and Water Division, 358 U.S. 103, 79 S.Ct. 194, 3 L.Ed.2d 153, rehearing denied 358 U.S. 942, 79 S.Ct. 344, 3 L.Ed.2d 350.

The Commission and Alabama-Tennessee urge that the petition must be dismissed because the City of Corinth, not having intervened, is not a "party to a proceeding * * * aggrieved by an order issued by the Commission" under Section 19(b) of the Act, 15 U.S.C.A. § 717r(b) and hence is not entitled to petition for review. The City insists that it is aggrieved and that the Commission has waived the necessity, if any there be, for formal intervention. No motion to dismiss the petition for review has been made upon this or upon any other ground. We do not think there is any jurisdictional necessity that we dismiss upon this ground sua sponte. Since the City was invited by the Commission to express its views we think it proper that we decline to say that it is not a party aggrieved.

The Commission contends and Alabama-Tennessee joins in urging that the order which the City asks us to review is interlocutory, procedural and ministerial and that the grounds here asserted should first be considered and passed upon by the Commission. We agree that this is so. We are without jurisdiction. The reasons have been adequately stated in earlier decisions and need not be here repeated. See Humble Oil & Refining Co. v. Federal Power Commission, 5 Cir., 1956, 236 F.2d 819, certiorari denied 352 U.S. 967, 77 S.Ct. 354, 1 L.Ed.2d 321.

The merits are not reached. The petition for review is

Dismissed.